This is an action brought upon a bond given by Gus Carlson 
Company as principal and the Aetna Casualty Surety Company as surety, upon a contract entered into by said Gus Carlson 
Company with the state highway commission to grade a certain highway designated as the "Cummins Creek-Valades Ranch Section of the John Day Highway."
The bond is identical, mutatis mutandis, with the bond inState ex rel. Hagquist v. United States Fidelity GuarantyCompany, which is set out in full in our opinion in that case and need not be repeated here. The complaint, the bond being included therein, after alleging the contract, further alleges that Gus Carlson Company sublet a portion of said work to one S.C. Comerford, and continues as follows: *Page 195 
"That thereafter and on and between the 5th day of June, 1922, and the 26th day of August, both dates inclusive, the said Weiser Loan Trust Company at Weiser, Idaho, loaned to the said Comerford the aggregate sum of Fourteen Thousand Dollars, lawful money of the United States, which said loans were and are evidenced by five certain promissory notes in writing, signed by said Comerford, as maker, and payable to the order of said Weiser Loan Trust Company, one of said notes being in the principal sum of Twenty-five Hundred Dollars dated June 5th, 1922, with interest at ten per cent per annum, one of said notes being in the principal sum of Four Thousand Dollars, dated June 17, 1922, with interest at ten per cent per annum, one of said notes being in the principal sum of Three Thousand Dollars, dated June 20th, 1922, with interest at ten per cent per annum, one of said notes being in the principal sum of Four Thousand Dollars dated August 4th, 1922, with interest at ten per cent per annum, and one of said notes being in the principal sum of Five Hundred Dollars, dated August 28th, 1922, with interest at ten per cent per annum, all of said notes and the indebtedness represented thereby, being at this date unpaid and past due and that the said plaintiff is the owner and holder of said notes and of the indebtedness represented thereby; that of the aggregate sum so loaned by said Weiser Loan Trust Company to said Comerford, the sum of $6,153.08, with accrued interest, was used and employed by the said Comerford in the payment for work and labor performed and materials and supplies furnished to the said Comerford under said sub-contract, all of which said work and labor performed and materials supplied went into, became a part of, and were consumed and used in the construction of said section of said highway, and that no part of said sum or sums, either of principal or interest, has been paid. That plaintiff has often made demand for the payment of said sums of money." *Page 196 
The cause, having been put at issue by appropriate denials, was tried by the court without a jury, and resulted in a finding and judgment for defendant from which plaintiff appeals. AFFIRMED.
This case has been exceedingly well briefed and argued by appellant, and has been carefully considered in connection with the case of State ex rel. Hagquist v. United States Fidelity Guaranty Co. et al., ante, p. 13 (265 P. 775), argued on the same day. In principle, it differs in no material particular from that case, and the pressure of business forbids any further discussion of the authorities submitted although they have all been read and considered. Upon the authority of that case, the judgment in this case will be affirmed. AFFIRMED.
RAND, C.J., and COSHOW and BROWN, JJ., concur. *Page 197